IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leon Devon Dizzley, ) | |
| ) | Cr. No. 5:08-589 |
| Movant, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Movant Leon Devon Dizzley is an inmate in custody of the Federal Bureau of Prisons. He currently is housed at FCI Butner Medium in Butner, North Carolina. On April 25, 2012, Movant, proceeding pro se, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.

This matter is before the court on motion for summary judgment filed by Respondent on June 25, 2012. By order filed June 25, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed a response in opposition to Respondent's motion on July 20, 2012.

I. FACTS

Movant was charged in a third superseding indictment filed March 17, 2009, with conspiracy (1) to conduct and attempt to conduct financial transactions in interstate commerce involving proceeds of unlawful activity, in violation of 18 U.S.C. 1956(a)(1)(A)(I), 1956(a)(1)(B)(I), and 1956(a)(1)(B)(ii); and (2) to knowingly engage and attempt to engage in financial transactions in criminally derived property of a value in excess of $10,000, in violation of 18 U.S.C. § 1957; all in violation of 18 U.S.C. § 1956(h) and 2 (Count 4). Movant proceeded to trial commending on June

29, 2009, and ending on July 6, 2009. A jury rendered a guilty verdict as to Count 4 of the third superseding indictment. Movant was sentenced on April 21, 2010 to incarceration for a period of sixty months. Judgment was entered on April 22, 2010. On May 5, 2010, Movant filed a notice of appeal. Movant alleged, among other things, that the court's willful blindness instruction was improper. The Court of Appeals for the Fourth Circuit found no merit to Movant's assertion regarding the willful blindness instruction and affirmed Movant's conviction and sentence on June 14, 2011. See United States v. Dizzley, 434 F. App'x 227 (4th Cir. 2011).

## II. DISCUSSION

Movant contends his right to due process was violated because the Fourth Circuit did not take into account an alleged "significant change in the law" that occurred while his appeal was pending. See Griffith v. Kentucky, 479 U.S. 314, 322 (1987) (holding that "failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication"). According to Movant, the United States Supreme Court's decision in Global-Tech Appliances, Inc. v. SEB S.A., 131 S. Ct. 2060 (2011), which was decided on May 31, 2011, rendered the court's willful blindness charge deficient. The court disagrees.

In Global-Tech, the Court observed that the doctrine of willful blindness

> is well established in criminal law. Many criminal statutes require proof that a defendant acted knowingly or willfully, and courts applying the doctrine of willful blindness hold that defendants cannot escape the reach of these statutes by deliberately shielding themselves from the clear evidence of criminal facts that are strongly suggested by the circumstances. The traditional rationale for this doctrine is that defendants who behave in this manner are just as culpable as those who have actual knowledge.

Id. at 2068-69 (citation omitted).

The Court further noted that although the various Courts of Appeal "articulate the doctrine

2

of willful blindness in slightly different ways, all appear to agree on two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." Id. at 2070. The Court noted that recklessness and negligence are inappropriate thresholds for willful blindness; rather "a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts." Id. at 2070-71 (citation omitted). In support of its determination, the Court cited with favor to United States v. Schnabel, 939 F.2d 197 (4th Cir. 1991). In Schnabel, the Fourth Circuit explained that a willful blindness instruction "allows the jury to impute the element of knowledge to the defendant if the evidence indicates that he purposely closed his eye to avoid knowing what was taking place around him." Id. at 203.

      The court charged the jury at Movant's trial as follows:

      I further instruct you that this "knowledge element" may be proven either by evidence that the defendant actually knew the proceeds came from some form of unlawful activity, or by evidence that he was "willfully blind" to the source of the proceeds.

      In determining whether the defendant was "willfully blind," you should not find the defendant guilty if all the evidence proves mistake or even careless disregard. However, you may conclude that the knowledge element has been proven if the evidence shows that the defendant deliberately and "purposefully closed his eyes to avoid knowing what was taking place around him."

ECF No. 474, 13.

      Initially, the court concludes that Global-Tech did not alter established criminal law regarding the manner of establishing willful blindness. Rather, the Global-Tech Court emphasized that, unlike the jury instruction at issue in that case, a proper charge explains that willful blindness has a 'limited scope that surpasses mere recklessness and negligence.'" See United States v. Jinwright, 683 F.3d

3

471, 479-80 (4th Cir. 2012) (quoting Global-Tech, 131 S. Ct. at 2070).

Secondly, the court's jury instruction set forth hereinabove tracks the approved language in Schnabel and specifically admonishes the jury that mistake or careless disregard are insufficient to prove willful blindness. Movant's contentions are without merit.

### III. CONCLUSION

For these reasons, the government's motion for summary judgment (ECF No. 695) is **granted**. Movant's § 2255 motion is **denied and dismissed**, with prejudice.

### IV. CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 24, 2013

### NOTICE OF RIGHT TO APPEAL

**Movant is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**